IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE D. GOLDSMITH, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-7430 |
| | : | |
| EXPERIAN INFORMATION | : | |
| SOLUTIONS, INC., | : | |
| Defendant. | : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                 **JUNE    15, 2026**

In a prior Memorandum and Order filed March 20, 2026 (ECF Nos. 7, 8), the Court

dismissed the Complaint filed by Andre D. Goldsmith because it failed to state a claim pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii).  (ECF No. 7 at 1.)  Goldsmith was granted leave to proceed *in*

*forma pauperis* and leave to file an amended complaint to cure the deficiencies identified by the

Court with respect to his claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x

("FCRA").  He has since filed an Amended Complaint (ECF No. 9 ("Am. Compl.")), along with

nearly 250 pages of Exhibits (ECF No. 9 at 4-252).[1]  For the following reasons, the Amended

Complaint will be dismissed for failure to state plausible claims.

I.      FACTUAL ALLEGATIONS[2]

Goldsmith's allegations are again brief.  He asserts that this case arises under the FCRA

and alleges that Experian Information Solutions, Inc. ("Experian") is a consumer reporting

agency.  (Am. Compl. at 1.)  Under a heading titled "Factual Allegations," Goldsmith alleges

---

[1] Although Goldsmith's filing totals more than 330 pages, the Court notes that he filed a
duplicate copy of his Amended Complaint and certain exhibits.  (*See* ECF No. 9 at 253-331.)

[2] The factual allegations set forth in this Memorandum are taken from Goldsmith's Amended
Complaint.  (ECF No. 9.)  The Court adopts the sequential pagination assigned to the Amended
Complaint by the CM/ECF docketing system.

that he "discovered inaccurate and misleading information on his Experian credit report." (*Id.*)

He asserts that "Experian deleted accounts and later reinserted them without proper notice." (*Id.*)

Goldsmith alleges that he submitted multiple disputes and CFPB complaints, but Experian

"relied on automated verification processes," failed to conduct "meaningful investigations," and

"continued reporting inaccurate data." (*Id.* at 1-2.) He avers that in January 2025, federal

regulators "filed enforcement actions against Experian alleging failures to properly investigate

disputes and unlawful reporting practices, reinforcing the pattern of conduct alleged" in the

Amended Complaint. (*Id.* at 2.) Goldsmith alleges that "Experian's conduct demonstrates a

pattern of willful and negligent compliance." (*Id.*)

Goldsmith lists generalized failures and/or errors in the form of sentence fragments

without further detail or explanation. (*Id.*) He alleges reinsertion without notice, failure to

reinvestigate, inaccurate reporting, failure to correct errors, use of automated verification, and

continued reporting after dispute, asserting that these violations are somehow supported by

"evidence" contained in one of his exhibits. (*Id.*) The exhibits total 248 pages and include

highlighted credit reports and alleged inaccuracies,[3] dispute letters, CFPB complaints, and

investigation results. (*Id.* at 4-252.) Goldsmith contends, again without explanation, that the

following statutes have been violated: 15 U.S.C. §§ 1681e(b) (failure to assure maximum

possible accuracy), 1681i(a) (failure to conduct reasonable reinvestigation and failure to provide

notice of reinsertion), 1681(n) and (o) (willful and negligent noncompliance). (*Id.* at 3.) He

states in conclusory fashion that he suffered "credit damage, emotional distress, and financial

---

[3] Two pages of the exhibits include a handwritten notation that "inaccurate information will be highlighted." (Am. Compl. at 13, 68.) It is unclear whether Goldsmith is asserting that all of the highlighted material contained in the exhibits is inaccurate or if the notation only refers to those particular pages. Also, Goldsmith does not provide any further explanation as to how or why the highlighted material is inaccurate.

harm as supported by Exhibits E and F."[4]  (*Id*.)  He seeks monetary damages in an unspecified amount. (*Id*.)

## II.   STANDARD OF REVIEW

Because the Court granted Goldsmith leave to proceed *in forma pauperis*, the Amended Complaint is subject to statutory screening under 28 U.S.C. § 1915(e)(2)(B)(ii) and must be dismissed if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At the screening stage, the Court will accept the facts alleged in the *pro se* Amended Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Amended Complaint "contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

Because Goldsmith is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704

---

[4] The Amended Complaint contains Exhibits A-D (*see* ECF No. 9 at 4-252) but does not contain any Exhibits identified as "E" or "F".

3

F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 244).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245).

An amended complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*) (quoting Fed. R. Civ. P. 8(d)(1) (stating that "[e]ach averment must be 'simple, concise, and direct.'")). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Gowans v. Axsom,* No. 25-2070, 2025 WL 2848907, at *1 (3d Cir. Oct. 8, 2025) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests.") (quoting

4

*Garrett*, 938 F.3d at 92)).  In other words, a complaint must contain sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim."  *Testa v. Internal Revenue Serv.,* No. 22-3382, 2023 WL 8271966, at *1 (3d Cir. Nov. 30, 2023) (quoting Fed. R. Civ. P. 8(d)(1) (internal quotations and citations omitted)).  Dismissals under Rule 8 are "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.   DISCUSSION

Goldsmith's Amended Complaint fails to allege any plausible FCRA claims.  As stated above, the Court's March 20, 2026 Memorandum and Order provided Goldsmith an opportunity to cure the pleading deficiencies with respect to his FCRA claims by filing an amended complaint.  (ECF Nos. 7, 8.)  The Court's Memorandum supplied Goldsmith with the pleading requirements that he was required to set forth to state claims for relief under 15 U.S.C. §§ 1681e(b) and 1681i(a).  (ECF No. 7 at 4-8.)  Goldsmith was further instructed that to set forth a plausible claim, he must do more than assert "an unadorned, the defendant-unlawfully-harmed-me accusation" in his pleading.  (ECF No. 7 at 8 (citing *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA

claims))).  Goldsmith was also told that he must have standing to bring an FCRA claim and if he opted to file an amended complaint, he was required to sufficiently tie his alleged injuries to the conduct of Experian.  (ECF No. 7 at 8-9 n.4.)

Goldsmith's Amended Complaint does not cure his previous pleading deficiencies. Despite being provided with instruction on the elements required to successfully plead claims arising under the FCRA, he again asserts in conclusory fashion several failures and/or errors without providing any factual detail.  Again, Goldsmith has not set forth facts describing how and why any information included in his consumer report was inaccurate or misleading, nor alleged any facts about how Experian was liable for the inaccuracies.  *See Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*) ("Williams did not allege how or why that information was inaccurate or how Experian should have reported it. Without any allegations in that regard, his complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy." (footnote omitted)).  As the Third Circuit noted in *Williams*, FCRA claims against a consumer reporting agency are not plausible where the plaintiff fails to specify the reason why the furnished account information was inaccurate, for example, "he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his."  *Williams*, 2024 WL 3439776 at *1, n.2; *see also Frazier v. Equifax Info. Servs.*, No. 24-4711, 2024 WL 4374116, at *5 (E.D. Pa. Oct. 1, 2024) (citing *Williams* and stating "Frazier's Complaint is undeveloped and similarly lacks factual support. The Complaint does not sufficiently allege how the information is inaccurate and does not permit the reasonable inference that the information contained in Frazier's Equifax consumer report pertaining to the

Verizon Wireless and Kickoff Lending accounts is 'patently incorrect' or 'misleading in such a way and to such an extent that it can be expected to have an adverse effect.'").

Goldsmith's mere citations to various sections of the FCRA and allegations that Experian failed to comply with the statutory requirements of § 1681e(b) and § 1681i(a), combined with entirely conclusory sentence fragments, are insufficient to state a plausible claim. Goldsmith attaches nearly 250 pages of exhibits, directing the Court to refer to the voluminous materials as "evidence" of Experian's alleged wrongdoing. (Am. Compl. at 2.) However, a complaint cannot state a claim by relying solely on exhibits, absent factual allegations in the complaint that explain the basis for the plaintiff's claims against the defendants. *See Est. of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "Judges are not like pigs, hunting for truffles buried in the record." *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (internal quotation marks and citation omitted).

Because Goldsmith's Amended Complaint lacks short and plain statements explaining the basis for his claims, it does not comply with Rule 8 and will be dismissed. Having already provided Goldsmith with the opportunity to file an amended complaint to clearly set out the factual bases of any claims he wanted to present, the dismissal will be with prejudice. *See Gowans*, 2025 WL 2848907, at *2 ("A District Court has discretion to deny a plaintiff leave to

amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (quoting *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (*per curiam*))); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *5 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("[B]ecause Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper.").  An appropriate Order will be entered separately.  *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**
